IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JACOB BARRERAS** | § § | |
| v. | § § | Cause No. EP-25-CV-258-LS |
| **EL PASO MUNICIPAL COURT**, *et al*. | § § | |

## MEMORANDUM OPINION AND ORDER

Jacob Barreras petitions the Court for a writ of mandamus. Pet'r's Pet., ECF No. 1. He asks the Court to intervene on his behalf and order the Respondents—the El Paso Municipal Court, the El Paso District Attorney's Office, Judge David Bonilla, and Judge Kitty Schild—to arraign him immediately on the criminal charge brought against him, provide him with all requested Americans with Disabilities Act accommodations during his criminal proceedings, and award him any further relief it deems just and proper. *Id*. at 2–3. His petition is denied.

Barreras was charged with simple assault, a Class C misdemeanor, in cause number CC-2024-0001707 in the City of El Paso Municipal Court. https://public.fce.elpasotexas.gov/fullcourtweb/start.do (search for Jacob Barreras) (last visited August 6, 2025). He pled not guilty on July 16, 2025, but was found guilty by a jury later that same day.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted). "Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'" *Already, LLC v. Nike, Inc*., 568 U.S. 85, 90 (2013) (quoting U.S. Const. art. III, § 2). And "an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Id*. at 90-91 (quotations omitted). "A case becomes moot—and therefore no longer a 'Case' or

'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 91 (quotations omitted).

Barreras has been arraigned and found guilty in cause number CC-2024-0001707. Consequently, there is no longer a case or controversy here as intervening events have rendered this case moot. Additionally, federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). And federal courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But federal courts generally lack the "power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973).

The Court therefore concludes that it lacks the jurisdiction necessary to compel Respondents to grant Barreras the relief he seeks. *Id*. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Jacob Barreras' *pro se* "Petition for Writ of Mandamus" (ECF No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 6th day of August 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**